UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LUFT,

     Plaintiff,

v.

MIDLAND COUNTY, et al.,

     Defendants.

Case No. 2:20-cv-12827
Honorable Laurie J. Michelson

## ORDER SUMMARILY DISMISSING COMPLAINT

Charles Luft, who is currently incarcerated at the Midland County Jail in Midland, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 based on allegations of sexual abuse that happened 20 years ago. The complaint is summarily dismissed in part because it is barred by the statute of limitations, and in part because it fails to state a claim upon which relief can be granted.

**I.**

Luft's complaint is subject to preliminary screening both because he is a prisoner filing a civil action against a government entity and because he seeks to proceed without prepayment of fees or costs. *See* 28 U.S.C. § 1915A (requiring screening of prisoner complaints); 28 U.S.C. § 1915(e)(2)(B) (requiring screening of proceedings in forma pauperis). Both statutes require the Court to dismiss any complaint that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (clarifying that the district court must screen complaints of prisoners proceeding in forma pauperis under both § 1915(e)(2) and § 1915A and dismiss those that fall under the requirements).

1

## II.

Luft alleges that he was sent to live in a foster home in 1998 when he was 13 years old. (ECF No. 1, PageID.6.) Luft alleges that he was sexually assaulted by Defendant Haskell-Wise, his foster parent, when he was 14 to 16 years old, which would correspond with the years 1999 to 2001. (*Id.* at PageID.7.) Luft alleges that Haskell-Wise became pregnant when Luft was sixteen years old, which again would correspond with the year 2001. (*Id.* at PageID.6.) Luft alleges he informed the other defendants and their employees about the inappropriate sexual conduct but that they did nothing to protect him. (*Id.* at PageID.7.) Luft claims he has reported the incident over the years to police and to prosecutors but none of them have investigated the case or filed charges against Haskell-Wise. (*Id.*) Luft indicates that while he has been incarcerated at the Midland County Jail, a detective has spoken with him about the sexual assaults and told Luft that the authorities had tried to "sweep it [the case] under the rug" because of who Luft is. (*Id.*)

Luft signed and dated his complaint September 22, 2020. He seeks declaratory and monetary relief.

## III.

Luft's complaint is subject to dismissal for several reasons.

First, Luft's claims against Haskell-Wise involving the alleged sexual assaults from decades ago and any related claims that the other defendants failed to protect him from these assaults are barred by the statute of limitations.

A federal court has the discretion to raise the statute of limitations issue sua sponte when screening a complaint under either § 1915(e)(2)(B) or § 1915A and dismiss any claims barred by the applicable statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding that a prisoner complaint is subject to dismissal for failure to state a claim if relief is barred by the

applicable statute of limitations); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming the district court's sua sponte dismissal of in forma pauperis complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 F. App'x 814, 815 (6th Cir. 2004) (court may sua sponte raise statute of limitations issue when the defense is apparent on face of the pleadings) (internal citations omitted).

There is a three-year statute of limitations for § 1983 claims in Michigan. *Estate of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020) (citing *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); Mich. Comp. Laws § 600.5805(2)).

Luft's complaint is signed and dated September 22, 2020, far more than three years after he claims that Haskell-Wise sexually abused him. So the sexual-abuse allegations and any related claims that the defendants at the time failed to protect Luft, will be dismissed, with prejudice, as barred by the applicable limitation period.

Second, any remaining claims against Midland County and its employees must also be dismissed even if they are not barred by the statute of limitations. Although Luft's complaint is, at times, hard to decipher, it appears that he attempts to bring a claim that local officials in the police department and prosecutor's office failed to investigate or prosecute Luft's accusations against Haskell-Wise. (*See* ECF No. 1.) Luft suggests that he reported the sexual assault less than three years before filing his complaint. (*Id.*) So it is possible that any such claim would not be barred by the statute of limitations.

But any claim against Midland County or its officials fails to state a claim upon which relief may be granted. Individuals have no constitutional, statutory, or common law right to compel a public official to investigate or prosecute a crime, nor can a private citizen bring a civil action in federal court to initiate a criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986);

*Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002). So Luft is not entitled to relief on this claim.

**IV.**

Accordingly, it is ORDERED that the civil rights complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part for being barred by the applicable limitations period and in part for failing to state a claim upon which relief can be granted.

SO ORDERED.

Dated: November 4, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE